**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BIENVENIDO QUILES RAMOS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2952 |
| | : | |
| EMANUAL QUIEN, MD., SEAN | : | |
| HARBISON, MD., TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| EPISCOPAL CAMPUS, | : | |
| NORTHEASTERN HOSPITAL, | : | |
| LAWRENCE SOLISH, MD., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM RE: MOTION TO REMAND AND MOTIONS TO DISMISS

***Baylson, J.***                                        ***November 17, 2008***

**I.       Introduction**

Plaintiff, Bienvenido Quiles Ramos, ("Plaintiff") instituted an action for damages for

medical malpractice pursuant to Pennsylvania common law, and for failure to provide an

interpreter under 42 U.S.C. § 2000d, Title VI of the 1964 Civil Rights Act, in the Court of

Common Pleas of Philadelphia County on November 1, 2007.  Defendants ("Defendants")

include:  Emanuel Quien, M.D., Sean Harbison, M.D., Temple Physicians, Inc., Northeastern

Hospital, Temple University Hospital, Temple University Hospital - Episcopal Campus and

Temple University Health System (collectively "Temple University Hospital"); Lawrence Solish,

M.D. ("Dr. Solish"); Lisette Cooper, M.D. ("Dr. Cooper"); and Lehigh Medical Associates

("Lehigh").

1

Pursuant to 28 U.S.C. § 1441(b), Temple University Hospital removed the case to this Court on June 24, 2008.  (Doc. No. 1 at 2).  Temple University Hospital and Dr. Solish filed separate motions to dismiss based on Plaintiff's untimely filing of the certificate of merit, as required by Pennsylvania law.  (Doc Nos. 3, 6).

Plaintiff then moved to remand, arguing the removal was improper because all Defendants did not unanimously consent to removal by Temple University Hospital.  (Doc. No. 4).  Specifically, Plaintiff contends that: (1) Temple University Hospital never obtained Dr. Solish's consent to removal; and (2) that Temple University Hospital neither: (a) served Lehigh or Dr. Cooper with the notice of removal, nor (b) obtained Lehigh or Dr. Cooper's consent to the removal.  (Doc. No. 4 at 2-3).  Because Plaintiffs Motion to Remand was filed 31 days after removal, Temple University Hospital and Dr. Solish assert the case must remain in this Court. (Doc. Nos. 29, 30).

## II.    Issues Presented

1. Whether this Court should grant Plaintiff's Motion to Remand, despite the untimely filing of the Motion,  because Defendants violated the unanimity rule in removal.

2. Whether this Court should grant Defendants' Motions to Dismiss because of Plaintiff's failure to timely file certificates of merit as required by Pennsylvania law.

## III.   Background

### _____A.    Facts

On April 4, 2004, Plaintiff, who "speak[s] little or no English," was "admitted to Temple University Hospital for surgery."  (Compl. at ¶¶ 3, 13).  The Hospital recorded that Plaintiff indicated he "wishe[d] for communication" in English.  (Id. at ¶ 15).  It appears that plaintiff

underwent surgery twice for inguinal (abdominal and pelvic) cancer April and May of 2004.  (Id. at ¶¶ 16-20, 22-24).  Plaintiff's condition worsened, and, on January 31, 2006, "a colonoscopy was performed which indicated . . . [m]etastatic cancer."  (Id. at ¶ 30).  Doctors Solish and Harbison operated on Plaintiff twice in 2006 to treat the inguinal cancer.  (Id. at ¶ 33-35, 37, 41-43).

On January 12, 2007, a CT scan performed on Plaintiff revealed "[e]xtensive bilateral inguinal adenopathy," and Plaintiff claims that "Dr. Solish expressed surprise at the results indicating to [Plaintiff] that his last operation only removed one half of the tumor."  (Id. at ¶¶ 45, 67-68).  Plaintiff contends that Dr. Solish "refused to return [Plaintiff] to the care of Dr. Harbison for corrective surgery but instead referred him to Dr. Michael J. Metro of Urologic Consultants of S.E. Pennsylvania and Albert Einstein Hospital with whom Dr. Metro is associated."  (Id. at ¶ 69).  On February 6, 2007, Dr. Metro performed surgery on Plaintiff and "has arrested all his cancerous growths."  (Id. at ¶ 70-71).

**B.** **Procedural History**

The following is a summary of the case's complicated procedural history in both state and federal court:

•      Nov. 1, 2007 - Plaintiff commences action by Writ of Summons in the Court of Common Pleas of Philadelphia County.  (Doc. No. 1, Ex. A at 4).

•      May 15, 2008 - Plaintiff files a Complaint in the Court of Common Pleas.  The Court of Common Pleas denies Plaintiff's third request for an extension of time to file the Complaint.  (Doc. No. 1, Ex. A at 12).

•      May 27, 2008 - Defendants receive Complaint.  (Doc. No. 1 at 2)

- June 24, 2008 - Defendants remove to this Court.  (Doc. No. 1).

- July 8, 2008 - The Court of Common Pleas reconsiders Plaintiff's Complaint and deems it timely filed as of May 15, 2008.  The court gives Plaintiff a 45 day extension to file certificates of merit ("COM").  (Doc. No. 1, Ex. A at 12).

- July 24, 2008 - Temple University Hospital files Motion to Dismiss medical malpractice claims under Fed. R. Civ. P. 41(b) in this Court, arguing that Plaintiff has not filed a COM within 60 days of filing the Complaint.  (Doc. No. 3).

- July 25, 2008 - Plaintiff files Motion to Remand, arguing that Temple University Hospital removed in violation of the rule of unanimity.  (Doc. No. 4).

- July 31, 2008 - Dr. Solish files Motion to Dismiss medical malpractice claims under Fed. R. Civ. P. 41(b) in this Court, arguing that Plaintiff has not filed a COM within 60 days of filing the Complaint.  (Doc. No. 6).

- Aug. 14, 2008 - Plaintiff answers Defendants' Motions to Dismiss, contending that the Court of Common Pleas gave a 45 day extension for filing of COMs.  (Doc. No. 14).

- Aug. 22, 2008 - Plaintiff files one COM for all Defendants (45 days from July 8).  (Doc. No. 16).

- Aug. 27, 2008 - Temple University Hospital files a Motion to Strike the COM, asserting the COM was untimely and that its form was improper because Plaintiff listed all the Defendants in one COM instead of filing a separate COM for each Defendant.  (Doc. No. 17).

- Sept. 14, 2008 - Plaintiff files one COM for each Defendant, which are identical in content to the Aug. 22 COM.  (Doc. Nos. 19-28).

4

- Sept. 17, 2008 - Temple University Hospital files another Motion to Strike the COM, which adds that the Sept. 14 COMs were untimely but is otherwise a duplicate of the Aug. 27 Motion to Strike the COM.  (Doc. No. 31).

**IV.    Parties' Contentions**

    **A.    Re: Motion to Remand**

Plaintiff filed a Motion to Remand on July 25, 2008 seeking to remand the case back to the Court of Common Pleas of Philadelphia.  (Doc. No. 4 at 1).  More specifically, Plaintiff claims that Temple University Hospital's removal is not valid because Defendants Dr. Solish, Dr. Cooper and Lehigh did not join in or consent to the removal, which violates the "rule of unanimity," inferred from 28 U.S.C. § 1446.  (Id. at 3).  Plaintiff concedes that Temple University Hospital served Dr. Solish's counsel with the notice of removal but contends that Dr. Solish did not consent to it.  (Id. at 2-3).  Plaintiff contends that Dr. Cooper and Lehigh were neither served with the Notice of Removal nor consented to it.  (Id.).

In its response to Plaintiff's Motion to Remand, Temple University Hospital argues that it was not obligated to seek Dr. Cooper or Lehigh's consent because Plaintiff never served either with the Complaint.  (Doc. No. 12 at 6).  Temple University Hospital alternatively contends that Dr. Solish's consent to removal can be inferred through his counsel's appearance and filing of a Motion to Dismiss in this Court on July 31, 2008.  (Id.).

The parties submitted additional briefing at the Court's request regarding the timeliness of Plaintiff's Motion to Remand.  Defendants Temple University Hospital and Dr. Solish contend that Plaintiff's Motion to Remand should be denied as untimely because it was filed more than thirty days after Temple University Hospital filed its notice of removal.  (Doc. No. 29 at 2; Doc.

No. 30 at 1).  Plaintiff argues that the Motion to Remand is timely under either Fed. R. Civ. P. 6(d), which provides for a three day time extension when service commences the time period and service is effectuated through mail, or Fed. R. Civ. P. 6(b)(1)(B), which provides a time extension for failure to act within a time period due to "excusable neglect."  (Doc. No. 32 at 2-3).  Defendants respond that: (1) Fed. R. Civ. P. 6(d) only applies only when a party is required to act within a prescribed period after service, not after filing; and (2) Fed. R. Civ. P. 6(b)(1)(B) should not be applied due to Plaintiff's numerous requests for time extensions at every prior stage of litigation.  (Doc. No. 34 at 4-5).

**B.      Re: Motions to Dismiss**

Temple University Hospital and Dr. Solish contend that Pennsylvania substantive law should govern the medical malpractice claims, which arise under Pennsylvania common law. (Doc. Nos. 3 at 8-9, 6 at 8).  Defendants suggest that Pennsylvania Rule of Civil Procedure 1042.3, which mandates the filing of a COM within sixty days of a Complaint alleging medical malpractice, is substantive law that should govern in this case.  (Doc. Nos. 3 at 9, 6 at 8). Defendants assert that because Plaintiff did not file a COM within sixty days of filing the Complaint on May 15, dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute is appropriate.  (Doc. Nos. 3 at 5, 6 at 8).

Plaintiff responds that: (1) the case should be remanded; and (2) the Court of Commons Pleas extended the sixty-day deadline for filing a COM on July 7, 2008, to August 22, 2008, based on Plaintiff's Motion for Extraordinary Relief, and Plaintiff filed a COM within that time. (Doc. No. 14 at 5-6).

**V.     Legal Standards**

**A.     Jurisdiction**

This Court has jurisdiction over the federal claim removed from state court under 28 U.S.C. §§ 1331 and 1441(a).  This Court has supplemental jurisdiction to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

**B.     Standards of Review**

**1.     Motion to Remand**

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action.  "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements."  Winnick v. Pratt, 2003 WL 21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Boyer, 913 F.2d at 111 (quoting Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

28 U.S.C. § 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Remand to the state court is therefore appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process."  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).

2.      **Motion to Dismiss**

When deciding a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6),[1] the Court may

look only to the facts alleged in the Complaint and its attachments.  Jordan v. Fox, Rothschild,

O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-

pleaded allegations in the Complaint and view them in the light most favorable to the plaintiff.

Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6)

motion will be granted only when it is certain that no relief could be granted under any set of

facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir.

1988).

---

[1]Defendants brought the motion to dismiss under Rule 41(b).  (Doc. Nos. 3, 6).  However, it is clear that a motion to dismiss based on the failure to file COMs is properly analyzed under Rule 12(b)(6).  See, e.g., Stroud v. Abington Memorial Hosp., 546 F. Supp. 2d 238, 250 (E.D. Pa. 2008) (recognizing that a 12(b)(6) motion to dismiss without prejudice is the proper substitute for Pennsylvania's judgement of non pros where a plaintiff fails to timely file a COM). Thus this Court will treat Plaintiff's motion as a motion to dismiss under 12(b)(6).

## VI.    Discussion re: Motion to Remand

### A.    Timeliness of Motion to Remand

Although Plaintiff's Motion to Remand has some merit,[2] it was filed more than thirty

days after the notice of removal and should be denied for that reason.  28 U.S.C. § 1447(c),

which governs the remand process, dictates that "[a] motion to remand the case on the basis of

any defect other than lack of subject matter jurisdiction must be made within 30 days after the

filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  Here, Plaintiff

claims Temple University Hospital's removal was defective because it did not obtain consent of

all Defendants prior to removal, thus implicating the thirty-day limit.

---

[2]Plaintiff correctly interprets 28 U.S.C. § 1446(a) as requiring unanimity amongst all the defendants.  See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) (summarizing cases and concluding that unanimity is required for removal); Ogletree v. Barnes, 851 F. Supp. 184, 186-87 (E.D. Pa. 1994) (same).  If Temple is correct that Plaintiff never served Dr. Cooper or Lehigh with a Complaint, then Temple is also correct that Dr. Cooper's and Lehigh's consent are not required.  See Ogletree, 851 F. Supp. at 187 (noting that "defendants who have not been served with the initial pleadings pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are also not required to join in the notice of removal or otherwise consent to removal").  Temple's argument that Dr. Solish consented to removal through his counsel's appearance and filing of a Motion to Dismiss, on July 31, 2008, however, is explicitly rejected by Ogletree.  See id. at 188-90 (reasoning that a court appearance by other defendant's counsel, who did not join in Notice of Removal, without orally voicing consent to removal within thirty days did not satisfy the rule of unanimity).
Further, even if Dr. Solish's filing of a Motion to Dismiss implicitly evinces consent, that consent came seven days after the expiration of the thirty-day period allowed for all defendants to consent under § 1446(b).  See id. at 190 (reasoning "although the court seriously doubts that the filing of a motion to dismiss in federal court is sufficient to constitute consent to removal, any consent possibly inferred therefrom was nevertheless untimely" because it was filed five days after the thirty-day period mandated by § 1446(b) expired; and holding that the rule of unanimity was not satisfied by an untimely motion to dismiss, or a timely appearance by counsel without specifically voicing consent to removal).  Thus, it appears that Temple University Hospital failed to sufficiently obtain the consent of Dr. Solish, in violation of the unanimity rule.  As such, this defect in the removal process would likely have provided grounds for remand had Plaintiff timely filed his motion.

The Third Circuit has specifically held that a failure to secure consent of all defendants to removal is a procedural, and not a jurisdictional, defect.  See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) ("Failure of all defendants to join is a 'defect in removal procedure' within the meaning of section 1447(c), but is not deemed to be jurisdictional.").  A motion to remand based on an objection to a procedural defect in the removal process is clearly waived if it is not raised within thirty days after the filing of the notice of removal.  See In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000) ("'[I]t is clear under section 1447(c) that [the procedural] irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal'") (quoting Korea Exchange Bank v. Trackwise Sales, 66 F.3d 46, 50-51 (3d Cir. 1995)).  See also Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003) ("[1447(c)] is clear that, if based on a defect other than jurisdiction, remand may only be effected by a timely motion").

A district court does not have the statutory authority to remand a case because of a procedural defect, such as a defendant's violation of the unanimity rule, after section 1447(c)'s thirty-day limit expires.  See Air-Shields, Inc. v. Fullam, 891 F.2d 63, 66 (3d Cir. 1989) ("By remanding the case for procedural defects after the thirty day limit imposed by . . . Section 1447(c) had expired, the district court 'exceeded [its] statutorily defined power.'" (quoting Thermatron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351)).  Federal courts strictly construe the thirty day limit imposed by 1447(c).  See, e.g., Brown v. Modell's PA II, Inc., 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008) (Yohn, J.) (denying plaintiffs' motion to remand because it was filed thirty-one days after removal).

In this case, Defendants filed a Notice of Removal on June 24, 2008.  (Doc. Nos. 1, 12).

Plaintiff filed a Motion to Remand on July 25, 2008, which Plaintiff concedes was the thirty-first

day after the Notice of Removal was filed.[3]  (Doc. No. 4; Doc. No. 32 at 1).  However, because

Plaintiff seeks remand based on a procedural defect in the removal process, this Court does not

have the authority to grant the requested remand once the thirty days has expired.  Thus, Plaintiff

has waived his ability to remand the case, and jurisdiction properly remains in this Court.

### B.    Timeliness Under Rule 6

In the supplemental letter brief requested by the Court and then an additional Motion,

Plaintiff argues for a time extension if the Court finds that the removal was untimely.  (Doc. Nos.

32, 33).  First, Plaintiff urges the Court to find his Motion to Remand timely under Fed. R. Civ.

P. 6(d) because Temple University Hospital served Plaintiff with the Notice of Removal by mail.

Rule 6(d) provides, "When a party may or must act within a specified time after service and

service is made under Rule 5(b)(2)(C), (D), (E), or (F) [by mail], 3 days are added after the

period would otherwise expire under Rule 6(a)."

Plaintiff cites McPherson v. Peelle, 1995 WL 56600, at *2 (E.D. Pa. Feb 6, 1995), in

which Judge Brody concluded that Fed. R. Civ. P. 6(e) (now 6(d)) adds three days to § 1447(c)'s

thirty-day period when Notice of Removal is served by mail because Rule 6(d) negates any

"strategic advantage" the opposing party might gain by serving via mail, which often arrives late.

See also N.J. Dept. of Envtl. Prot. v. Exxon Mobil Corp., 381 F. Supp. 2d 398, 402 (D.N.J. 2005)

_____

[3]See Fed R. Civ. P. 6(a).  Accordingly, June 25 began the thirty day period to file a
Motion to Remand (June 24 is not counted because Temple filed its Notice of Removal on that
date), making Thursday, July 24 the thirtieth day.  Plaintiff's Motion to Remand was filed on the
thirty-first day, July 25.

(adopting <u>McPherson</u>'s reasoning and rationale); <u>McGovern v. Mucklow</u>, 1992 WL 160639, at

*1 (E.D. Pa. June 24, 1992) (Newcomer, J.) (extending § 1447(c)'s time period by three days

because plaintiff was served with Notice of Removal via mail).  The Third Circuit has yet to

decide whether Rule 6(d) extends § 1447(c)'s thirty-day deadline by three days when a defendant

mails the Notice of Removal to the plaintiff.

     This Court, however, is not persuaded that Rule 6(d) applies to extend the § 1447(c) time

period.  The plain language of § 1447(c) indicates that the thirty-day deadline commences when

the defendant <u>files</u> a motion to remand, whereas Rule 6(d) specifically applies "when a party may

or must act within a specified time after <u>service</u>." (emphasis added).  <u>Compare</u> <u>In re Diet Drugs</u>

<u>Products</u>, 2004 WL 2062894, at *2 n.1 (E.D. Pa. Sept. 14, 2004) (Bartle, C.J.) (declining to

follow <u>McPherson</u>, and concluding that Rule 6(d) is inapplicable because § 1447(c)'s thirty-day

deadline commences upon the defendant's filing, and not service); <u>Pavone v. Mississippi</u>

<u>Riverboat Amusement Corp.</u>, 52 F.3d 560, 566 (5th Cir.1995) (concluding that Rule 6(d)

"applies only when a party is required to act within a prescribed period after <u>service</u>, not after

<u>filing</u>") (emphasis in original).  Moreover, there is no need to compensate for any "strategic

advantage" that Defendants may have gained by mailing the Notice of Removal because Plaintiff

concedes that he received notice on June 25, 2008, the actual date of filing, and that "the correct

date from which to calculate the 30 day period is June 25th."  (Doc. No. 32 at 3).  Thus, Plaintiff's

request for a three-day extension under Rule 6(d) is denied.

     Alternatively, Plaintiff urges the Court to find the Motion to Remand timely under Fed.

R. Civ. P. 6(b)(1)(B), which enables a court to extend time for good cause "after the time has

expired if the party failed to act because of excusable neglect."  (Doc. No. 32 at 3).  The Third

Circuit has stated that decisions regarding time extensions under Fed. R. Civ. P. Rule 6(b) are "well within the District Court's discretion." See In re Cendant Corp. Prides Litigation, 233 F.3d 188, 195 (3rd Cir. 2000) (reviewing district court's decision under the 2000 version of Rule 6(b)(1)(B) that explicitly stated district court had discretion).  The Supreme Court has noted that "excusable neglect" under  Rule 6(b) is an "elastic concept," and the decision to grant an extension of time is an "equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assc. Ltd. P'ship, 507 U.S. 380, 392, 395 (1993).  The Supreme Court explained that determining what is "excusable" requires weighing such relevant circumstances as "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.

Notably, in both Plaintiff's letter reply and Motion for an extension of time, Plaintiff has not specifically stated on what grounds this court should find excusable neglect exists.  Rather, Plaintiff simply states that this Court could find that Rule 6(b)(1)(B) applies.  Several factors in the record are relevant to the analysis.  First, Plaintiff has not offered any excuse for failing to file the Motion to Remand within thirty days of Defendants' Notice of Removal on June 25, 2008. (Doc. No. 32 at 3).  As discussed above, the Third Circuit has strictly interpreted the thirty-day deadline in § 1447(c).  Second, in previous filings Plaintiff's counsel has documented difficulties in proceeding with the litigation, including:  financial constraints and exhaustion of contingency fees; inability to refer the case to another firm; time constraints due to other cases; and, difficulty obtaining visas for his fiancé and her son.  (Doc. No. 14-3 at 2-3).  It appears, however, that most

13

of these hardships facing Plaintiff's counsel were not present during the thirty days Plaintiff had

to move to remand, except for financial and time constraints.[4]  Time constraints are inherent in

the legal profession, and this Court will not recognize that a heavy caseload, by itself, constitutes

"good cause" for "excusable neglect," especially when Plaintiff has not provided the Court with

any details regarding how this constraint specifically affected counsel's ability to move to

remand in a timely fashion.  Further, Plaintiff's counsel knew of the financial difficulties that this

case may present at the time Plaintiff initially filed the Complaint in state court.  Therefore,

Plaintiff's request for a time extension under Rule 6(b)(1)(B) is denied because Plaintiff has

failed to show his neglect in meeting § 1447(c)'s strict thirty-day deadline is "excusable" "for

good cause."

Thus, Plaintiff's Motion to Remand is denied because it was filed after the thirty-day time

period for such motions had expired, and this Court finds no reason to grant an equitable

extension under Rule 6(b)(1)(B).

## VII.   Discussion re: Motions to Dismiss

Defendants move to dismiss Plaintiff's state law medical practice claims because Plaintiff

did not timely file a certificate of merit, as required by Pennsylvania law.  Plaintiff's state law

claims are governed by substantive Pennsylvania state law under the Erie Doctrine.  See Chin v.

Chrysler LLC, 538 F.3d 272, 278 (3d Cir. 2008) (explaining that state law governs substantive

---

[4] Plaintiff's counsel cited the inability to refer the case to another firm and the difficulty obtaining visas for his fiancé and her son as reasons the Complaint was filed late, on May 15, 2008, in his Motion for Extraordinary Relief.  (Doc. No. 14-3 at 2).  In that Motion, Plaintiff's counsel clarified that he was litigating for his fiancé's visa in February 2008, which was granted; the outcome of her son's visa was still pending as of May 15, 2008.  Id.  Plaintiff's counsel also stated in that Motion that he was "now stabilized [after] under[going] extraordinary financial and time constraints" before filing the Complaint. Id. (emphasis added)

state law claims in a federal court when the court's jurisdiction to hear those claims is based on supplemental or diversity jurisdiction).  Pennsylvania Rule 1042.3 requires a plaintiff alleging professional negligence to file a COM, affirming that the allegations are supported by an expert's statement, within sixty days of filing the Complaint.[5]  Pa. R. Civ. P. 1042.3.  Several courts have held that Pennsylvania Rule 1042.3 is a substantive law that must be applied in professional liability cases arising under Pennsylvania common law in federal court.  See Iwanejko v. Cohen & Grigsby, P.C., 249 Fed. Appx. 938, 944 (3d Cir. 2007); Stroud v. Abington Memorial Hosp., 546 F.Supp.2d 238, 248 (E.D. Pa. 2008) (noting that Pennsylvania federal courts "have uniformly held that the COM requirement is a substantive rule of law that applies in professional liability actions proceeding in federal court").

Under Pennsylvania law, a court may consider two equitable exceptions when a plaintiff has improperly filed a COM: whether the plaintiff has substantially complied with Rule 1042.3 and whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply.  Womer v. Hilliker, 908 A.2d 269, 276, 279 (Pa. 2006).  In Womer, the Pennsylvania Supreme Court upheld the judgment of non pros entered against the plaintiff pursuant to Pa. R. Civ. P. 1042.6 because the plaintiff failed to file a COM at all.  Id. at 278.  Womer recognized

---

[5]The certificate of merit must state either: "(1)  an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or (2)  the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3)  expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim."  Pa. R. Civ. P. 1042.3(a)(1)-(3) (2008).

that while compliance with Rule 1042.3 is expected, Rule 1042.3 is subject to two "equitable exceptions." Id. at 276.  First, Pennsylvania courts have interpreted Pa. R. Civ. P. 126 to give a trial court discretion to "overlook any 'procedural defect' that does not prejudice a party's rights" if there has otherwise been "substantial compliance." Id.  (quoting Sahutsky v. H.H. Knoebel Sons, 782 A.2d 996, 1001 (2001)) (emphasis in original).  Second, a plaintiff may seek relief from judgment for failure to prosecute if the plaintiff offers a "reasonable explanation" or "legitimate excuse" for failure to comply with the COM rule under Pa. R. Civ. P. 3051.  See id. at 279, n.11.

    The Womer court noted that an entry of judgment non pros can be appropriate where the plaintiff does not timely file a COM and fails to take any steps to comply with Rule 1042.3.  See id. at 278-79.  The court rejected the plaintiff's argument that providing the defendant with an expert report in discovery substantially complied with the requirements of Rule 1042.3.  See id. at 278.  The plaintiff's "honest belief" that it had substantially complied was also not a "reasonable explanation" or "legitimate excuse" for failing to file a proper COM.  Id. at 280

    Federal courts have since applied the two equitable considerations outlined in Womer to determine if an untimely filed COM may be accepted.  In Stroud v. Abington Memorial Hospital, Judge Strawbridge observed that Womer "made it clear that the sixty-day deadline for filing a COM will be strictly construed and not lightly excused, while at the same time allowing a late-filing plaintiff to set out certain equitable considerations as would constitute a 'reasonable explanation or legitimate excuse' for noncompliance under Pa. R. Civ. P. 3051." 546 F. Supp. 2d 238, 250 (E.D. Pa. 2008).  See also Walsh v. Consol. Design & Eng'g, Inc., 2007 WL 2844829, at *5 (E.D. Pa. Sept. 28, 2007) (Ditter, J.) (noting that Womer dictates that "a party

16

who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse").

While the plaintiff in <u>Stroud</u> amended the Complaint to allege both direct and vicarious theories of liability against the defendant, the timely COM only supported the vicarious theory of liability.  <u>Stroud</u>, 546 F. Supp. 2d at 246-47.  The plaintiff filed a late COM to support the direct theory of liability.  <u>Id.</u> at 247.  Judge Strawbridge dismissed the medical malpractice claims premised on direct liability (and supported by plaintiff's untimely COM) without prejudice, but reasoned that the plaintiff's claim could be reinstated if the plaintiff could demonstrate a reasonable explanation or legitimate excuse for untimely filing.  <u>See id.</u> at 255-56.  <u>Compare</u> <u>Walsh</u>, 2007 WL 2844829, at *8 (finding the plaintiff's claim that the substantial time and effort invested in the case by counsel and judges justified accepting the untimely filed COM was not a reasonable explanation or legitimate excuse).

In this case, Plaintiff's late filing may be excused under either of the exceptions outlined in <u>Womer</u>.  First, unlike the plaintiff in <u>Womer</u>, who took no steps to comply with Rule 1042.3, Plaintiff here took steps to substantially comply with the time deadlines.  Plaintiff sought a time extension in the Court of Common Pleas before the sixty-day limitation period expired.  (Doc. No. 1, Ex. A at 10).  Plaintiff also filed a COM with this Court before the forty-five day extension granted by that court expired.  Although the state court did not have jurisdiction when it granted the extension, as Defendants had already removed, that procedural history is unusual and potentially confusing.  The most relevant fact is that Plaintiff did take the specific action–requesting an extension and filing the overdue COM within the extended time–required under the state rules for compliance.  Plaintiff's actions clearly did not amount to a "wholesale

failure to take any actions," in stark contrast to the plaintiff in <u>Womer</u>.  908 A.2d at 278.

Accepting the untimely COM will not prejudice the other party at this early stage in the litigation.

Thus, Plaintiff's late filing may be excused here under the doctrine of substantial compliance.

Plaintiff also has several reasonable explanations that can excuse the late filing under the

second equitable exception.  Plaintiff's counsel offered a number of legitimate excuses in his

Motion for Extraordinary Relief for his inability to file a COM within sixty days, including: (1)

he had exhausted his contingency fees; (2) he unsuccessfully attempted to refer Plaintiff's case to

a number of firms; and (3) he was in the process of litigating abroad to secure visas for his

fiancée and her son.  (Doc. No. 14-3 at 2).

Even more, the Court must consider the complicated nature of the proceedings in this

case.  Defendants removed the case before the Court of Common Pleas ruled on the timeliness of

Plaintiff's Complaint.  (Doc. No. 1, Ex. A at 12).  After removal, the Court of Common Pleas

issued an order considering Plaintiff's Complaint timely filed and granting Plaintiff a forty-five

day extension to file the COMs, thus creating understandable confusion as to whether that court

had jurisdiction to both reinstate the Complaint and grant the extension for the COMs.  <u>Id.</u>

Apparently assuming that the state court's decision was valid, Plaintiff's counsel filed the COMs

with this Court within the extended period granted by the state court.  (Doc. No. 16 at 1).

Although the Court of Common Pleas did not have jurisdiction to extend the time period, this

Court will take into account the confusing procedural activity that was ongoing when Plaintiff

filed the COM.  Given these circumstances, this Court finds that Plaintiff also has reasonable

explanations for filing the COM late.

The final issue, raised by Temple University Hospital's first Motion to Strike the initial

COM, is whether this Court must strike Plaintiff's COM for failure to comply with Rule 1042.3's

requirement that a separate COM must be filed for each defendant, even if it accepts the COM

despite the late filing.  (Doc. No. 17 at 12).  In Pomerantz v. Goldstein, a case discussed in

Womer, the Pennsylvania Supreme Court reversed the trial court's dismissal of a case because of

procedural errors when a defendant incorrectly titled a pleading as a "motion to dismiss," instead

of "exceptions" to the court's judgment in an assumpsit action, and issued a remand for the trial

court to consider the motion on its substantive merits.  387 A.2d 1280, 1282 (1987).  Pomerantz

indicated that other than the improper caption, the pleading contained the necessary content, and

the defendant had thus substantially complied with the rule.  Id. at 1281-1282.  Because the trial

court would have disposed of the issue on the merits had the pleading been properly titled, the

incorrect titling should be treated as a procedural error subject to the court's discretion.  Id.

Plaintiff's failure to file a separate COM for each Defendant in this case is akin to the

incorrect title in Pomerantz.  The COM that was filed contained the necessary content and

indicated that Plaintiff had made an effort to comply with the more substantive requirements of

the rule; the COM listed all Defendants and stated that the allegations of direct liability and

vicarious liability were supported by a medical professional's statement.  In fact, when Plaintiff

re-filed separate COMs for each Defendant after Temple University Hospital filed its first

Motion to Strike, the content of each COM did not differ from the earlier COM and only the

name of the defendant appearing on each pleading was altered.  (See Doc. Nos. 16, 19-28).  To

the extent that the purpose of the COM requirement is to ensure that professional liability claims

are meritorious, see Womer 908 A.2d at 275, the initial COM satisfied that purpose.  Moreover,

19

Defendants' rights are not prejudiced by the initial single COM, and its subsequently filed replacements, when the litigation is at such an early stage.  Thus, the Court finds that Plaintiff's COM substantially complied with Rule 1042.3.  Temple University Hospital's Motions to Strike are denied.

As a final note, the Court reminds the parties of the importance of timely and proper filings.  More attention to the rules of court would have avoided these issues, on both sides.  Late filings and incorrect preparation of pleadings result in additional and unnecessary litigation at a substantial cost to both the parties and the court.  In fact, no less than six motions were filed in this case due to procedural errors in filing.

## VIII.   Conclusion

The Court finds that Plaintiff's Motion to Remand was untimely filed.  Further, the Court finds no authority to grant a time extension under Rule 6(d) and no reason for an extension under Rule 6(b)(1)(B).  For the foregoing reasons, Plaintiff's Motion to Remand is denied.

The Court finds that Plaintiff has reasonable explanations for the untimely filing of the COM.  Further, the Court finds that both the timing and the format of the COM was in substantial compliance with Rule 1042.3.  For the foregoing reasons, Defendants' Motions to Dismiss are denied, and Temple University Hospital's Motions to Strike are also denied.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BIENVENIDO QUILES RAMOS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2952 |
| | : | |
| EMANUAL QUIEN, MD., SEAN | : | |
| HARBISON, MD., TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| TEMPLE UNIVERSITY HOSPITAL, | : | |
| EPISCOPAL CAMPUS, | : | |
| NORTHEASTERN HOSPITAL, | : | |
| LAWRENCE SOLISH, MD., | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

_____AND NOW, this 17th day of November 2008, for the reasons stated in the foregoing

Memorandum, it is hereby ORDERED that Plaintiff's Motion to Remand (Doc. No. 4) is

DENIED and Plaintiff's Motion for Extension of Time under Rule 6 (Doc. No. 33) is DENIED.

It is further ORDERED that Defendants' Motions to Dismiss (Doc. Nos. 3, 6) are DENIED and

Temple University Hospital's Motions to Strike (Doc. Nos. 17, 31) Plaintiff's initial and re-filed

certificates of merit are DENIED.

_____                                          BY THE COURT:


                                           /s Michael M. Baylson
                                          Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-2952 Ramos v. Quien\Ramos Final.wpd