IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BIENVENIDO QUILES RAMOS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EMANUAL QUIEN, MD., et al. | : | NO. 08-2952 |

## MEMORANDUM

**Baylson, J.**                                                                                          **April 2, 2009**

In this medical malpractice case, Plaintiff has filed a Motion to Amend the Complaint. (Doc. 49).  The factual background of this case is set forth in a prior Memorandum dated November 17, 2008 WL 4949896, ruling on a Motion to Remand and Motions to Dismiss, and will not be repeated here.

The Complaint was filed on November 1, 2007 in Court of Common Pleas of Philadelphia County, but Defendants removed to this Court.  (Doc. 1., Ex. C).  The Complaint contained an unusual subheading between paragraphs 12 and 13, which reads as follows: "Relevant Facts Whose Cause of Action Is Barred By The Statute of Limitations."  Following this unnumbered subheading, the Complaint contains a number of allegations that, beginning on April 4, 2004, the Plaintiff was admitted to Temple University Hospital, signed a consent form in English, and underwent an operation.  The events alleged within this section occurred between April 2004 and March 2005.

Under a separate heading, titled "Facts of Record Whose Cause of Action Falls Within the Statute of Limitation," Plaintiff's Complaint continues with allegations regarding further tests

and treatment performed by the Defendants over the next several years.  Plaintiff then alleges that the initial operation was improperly performed, that Plaintiff did not knowingly consent to the operation, in part because of language difficulties, and that he was otherwise improperly treated.  As to his discovery that he had cancer, Plaintiff alleges that "As of 1/31/06, neither Plaintiff nor his wife knew . . . that Plaintiff was suffering from a cancerous condition."

The Motion to Amend the Complaint, which was filed after Plaintiff obtained new counsel, seeks to clarify and reorganize some of the factual allegations.  The proposed Amended Complaint also removes the subheadings regarding the statute of limitations.  Nearly all of the factual allegations in the Amended Complaint were originally alleged in some form in the original Complaint.  However, Plaintiff does allege in the Amended Complaint that he did not become aware of the cancer until November 2005.

Because the Complaint was filed on November 1, 2007, Defendants have asserted, as an affirmative defense in their Answer, that Plaintiff's claim, which is partially based on events that took place in 2004 and early 2005, is barred by the statute of limitations.  In support of their statute of limitations defense, Defendants cite the first unnumbered subheading quoted above as evidence of Plaintiff's admission that those events cannot constitute the basis of a timely claim.  Plaintiff counters with the "discovery rule," arguing that because he did not discover the cancer until November 15, 2005, the statute of limitations was tolled until that time and the filing of the Complaint on November 1, 2007 was timely.

Defendants have objected to the amendment of the Complaint because they contend it contradicts allegations made in the original Complaint, without any adequate justification, and also alleges a new cause of action, involving events prior to November 2005, that is barred by the

statute of limitations. Defendants argue that Plaintiff conceded that any cause of action relating to the earlier events was barred but that the new Complaint seeks to ignore that admission and include those facts in a new claim. However, the Court has carefully compared the allegations of the original Complaint with the proposed Amended Complaint and rejects Defendants' contentions that the allegations are significantly different and that there is a new cause of action.

Furthermore, by Order dated March 19, 2009 (Doc. No. 54), the Court required Plaintiff to supply factual evidence, prior to ruling on his Motion to Amend, explaining the purpose of the subheading. Pursuant to that Order, Plaintiff filed an affidavit of his former lawyer, Luis P. Diaz, Esquire. Mr. Diaz avers that he was not experienced in medical malpractice cases and that the subheading reflects an inadvertent assertion into the Complaint of a draft that he had prepared. Mr. Diaz asserted that the subheading was "his shorthand work product" indicating an issue that might arise in the case. He did not intend in any way to concede the Plaintiff's claim was barred by the statute of limitations. Mr. Diaz also asserts that the Plaintiff had no knowledge of this issue and that he had never translated this subheading to the Plaintiff in preparing the Complaint for filing. Plaintiff argues that he would be substantively prejudiced by the continued presence of the subheading.

In a response (Doc. No. 59), Defendants do not contest the circumstances described in Mr. Diaz's affidavit, but rather assert that the Defendants' medical records do not support Plaintiff's argument that he did not discover the cancer until November 2005. Specifically, Defendants' contend the documents relating to Plaintiff's operation in 2004 and the dialogue between Plaintiff and the various physicians indicate Plaintiff knew there was evidence of cancer at that time, but disregarded recommendations for further treatment. Defendants attached to their

Memorandum sworn answers to Plaintiff's Interrogatories and medical records dealing with Plaintiff's treatment. These documents may provide substantive support for Defendants's position that Plaintiff's claim is barred by the statute of limitations. However, the issue cannot be resolved as a matter of law since Plaintiff has made it clear that because of his minimal understanding of English, he may not have fully understood what the Defendants claimed to have been telling him in 2004. As a result, the Court does not now make any rulings on the merits of that defense and it remains a viable issue.

      Considering all of these circumstances and the liberal approach to permitting amendments, the Court has decided to allow the Plaintiff's Amended Complaint to be filed. The mere possibility of a statute of limitations defense is not a sufficient reason to prevent the Plaintiff from filing the Amended Complaint. More importantly, Defendants have not shown how they will be prejudiced by the amendment. The original Complaint alleged that Plaintiff did not know he had cancer as of January 2006, which clearly falls within the statute of limitations period, but Defendants asserted a statute of limitations defense in their Answer, arguing that Plaintiff actually knew he had cancer much earlier. That same reasoning is the basis of Defendants current argument that amendment should not be permitted. However, regardless of whether or not this Court allows Amendment, Defendants will still have to prove that the Plaintiff actually knew he had cancer before November 2005 if they intend to assert a statute of limitations defense. Thus the Amended Complaint is not imposing on Defendants a burden they would not otherwise have.

      The Court concludes that in this unique situation, including the language barrier issue as well as Mr. Diaz's admitted mistake and his lack of medical malpractice expertise, it would be

unfair to penalize Plaintiff for the drafting error committed by his former attorney.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BIENVENIDO QUILES RAMOS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EMANUAL QUIEN, MD., et al. | : | NO. 08-2952 |

## **ORDER**

AND NOW, this 2nd day of April, 2009, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that Plaintiff's Motion to Amend/Correct the Complaint (Doc. No. 49) is GRANTED.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-2952 Ramos v. Quien\Ramos v. Quien - Memo & Order 4-2-09.wpd