IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BIENVENIDO QUILES RAMOS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EMMANUEL QUIEN, M.D., et al. | : | NO. 08-2952 |

**MEMORANDUM REGARDING TRIAL DE NOVO AND MOTIONS
TO DISQUALIFY AND FOR SUMMARY JUDGMENT**

**Baylson, J.** June 20, 2011

This is a medical malpractice action originally filed in Pennsylvania state court and removed to this Court. Two issues have arisen which are somewhat novel, and one requires construction of this Court's local rules on trial de novo after arbitration, on which there is little precedent.

The first issue requires the Court to determine whether the trial de novo should proceed against all of the Defendants who were in the case at the time of the arbitration, or only against the one Defendant against whom the arbitrators made an award for damages. The second issue concerns the Plaintiff's allegation that defense counsel has a conflict of interest from representing more than one Defendant following an arbitration award in favor of the Plaintiff and against only one of those Defendants.

The procedural history of this case is lengthy and the Court has issued many Orders and several Memoranda on issues that have arisen throughout the litigation, which will not be repeated here, save for certain details relevant to the pending Motions. This matter proceeded to arbitration pursuant to Local Rule 53.2, resulting in an award of damages in favor of Plaintiff Bienvenido Quiles Ramos ("Ramos") and against Dr. Emmanuel Quien ("Dr. Quien"), but in

favor of all the other Defendants. Dr. Quien, by his counsel, filed a timely Demand for Trial <u>de Novo</u> (ECF No. 131). Ramos did not demand a trial <u>de novo</u>. (ECF No. 126.) The parties have agreed to the trial <u>de novo</u> before Magistrate Judge David Strawbridge. (ECF No. 149.)

## I.     The Trial De Novo Shall Proceed Against All Defendants

On March 25, 2011, Ramos filed a Motion to Disqualify Counsel (Mot. to Disqualify, ECF No. 133), and on April 14, 2011 an Amended Motion to Disqualify Counsel (Am. Mot. to Disqualify, ECF No. 135), on grounds of a conflict of interest. In the briefing on Ramos's Amended Motion to Disqualify Counsel, Ramos has taken the position that the trial <u>de novo</u> must proceed against all Defendants pursuant to Local Rule 53.2(7) and that in view of this arbitration award, defense counsel cannot represent all Defendants at the trial <u>de novo</u>. Dr. Quien has responded, predicated on the assumption that the trial <u>de novo</u> will only take place as to Ramos versus Dr. Quien alone. Dr. Quien contends that Local Rule 53.2(6) permits a partial trial <u>de novo</u> on any segregable portion of the arbitration award in cases where there are multiple parties. Dr. Quien argues that he is permitted to seek a trial <u>de novo</u> alone, without disrupting the arbitration award on behalf of his co-defendants.

In support of his position that he should proceed to trial alone, Dr. Quien relies on Local Rule 53.2(6), which provides, in relevant part, "In a case involving multiple claims and parties, <u>any segregable part</u> of an arbitration award concerning which a trial de novo has not been demanded by the aggrieved party . . . <u>shall become part of the final judgment</u> . . . ." (emphases added). Both the Local Rule and the governing statute, 28 U.S.C. § 657(c)(2), further state that "once a trail de novo is demanded, the entire action is treated for all purposes as if arbitration never occurred." Dr. Quien contends that the liability of his co-defendants is a segregable part.

Further, he argues that Ramos could have filed his own demand for trial de novo as to the non-liable defendants.

The Court held a hearing on the outstanding Motions on May 25, 2011. On May 26, 2011, the Court entered an Order denying Ramos's Motion and Amended Motion, but concluding that the trial de novo shall proceed against all Defendants. The Court also denied Dr. Quien's Motion for Summary Judgment. This Memorandum will state the reasons.

**A.      History of Local Arbitration Rule**

This District Court was a pioneer in court-mandated arbitration, and its pilot program, initiated by the late Judge Broderick and now supervised by Judge Dalzell, Chair of our Civil Business Committee, and has been a harbinger of what is now a national program. The scholarly and very useful annotation of our Local Rules by Peter Vaira, Esquire (Gann Law Books, periodically updated) (pp. 207-22) (2009) contains an excellent review of the history of the pilot program. To supplement the history provided by Mr. Vaira, my colleague Judge Dalzell has provided further details. In the original legislation, renewal of the arbitration program was required every three years. However, on October 6, 1997 Congress approved Public Law 105-53 which, in § 1, struck the old law's "for each of the fiscal years 1994 through 1997" and inserted "for each fiscal year." Thus Public Law 105-53 made what had been an experimental program, renewed every three years, permanent. It now appears that every U.S. District Court employs some form of alternative dispute resolution, following this Court's trail-blazing efforts.

There is one Third Circuit case which should be noted. In Sauter v. Ross Restaurants, Inc., 674 F.2d 194 (3d Cir. 1982), the Court concluded that it lacked appellate jurisdiction because there was no final judgment. Id. at 196. The third-party defendant's demand for a trial

de novo nullified the entire arbitration award under the then-existing local rules. Id. Although the plaintiff and defendant were satisfied with their awards, the third-party defendant's demand nullified that award and thus there was no final judgment to appeal. Id. The Court noted the Local Rule at the time did not contemplate segregation of arbitration awards, but suggested the exact language the Eastern District later adopted as part of Local Rule 53.2(6). Id.; see E.D. Pa. LR 53.2(6).

Six years after Sauter, Congress authorized all federal courts to establish alternative dispute resolution programs. See 28 U.S.C. §§ 651(a), 658, Pub. L. No. 100-702, 102 Stat. 4664 (1988). The current statute, enacted as the Alternative Dispute Resolution Act of 1998 (the "Act"), permits "any party [to] file a demand for a trial de novo," 28 U.S.C. § 657(c)(1), and "[u]pon demand for a trial de novo, the action shall be restored to the docket for the court and treated for all purposes as if it had not been referred to arbitration," id. § 657(c)(2); see also 28 U.S.C. § 655(b) (1988) (first version of the Act, which included exact language of current § 657(c)(2)). There has never been a statutory provision for segmentation or segregation of arbitration awards, nor any provision explicitly permitting partial trial de novo.

Together with this historical background, it must be remembered that courts are entitled to deference in interpreting their own local rules. Gov't of V.I. v. Mills, 634 F.3d 746, 750 (3d Cir. 2011). But it is axiomatic that any interpretation of the Local Rules must be consistent with Acts of Congress. See D'Iorio v. Majestic Lanes, Inc., 370 F.3d 354, 357 (3d Cir. 2004); Fed. R. Civ. P. 83(a) ("A local rule must be consistent with – but not duplicate – federal statutes and rules . . . .").

## B. Defendants Are Not Entitled to Partial Trial de Novo

Since Congress authorized alternative dispute resolution programs, the Third Circuit has found at least one local rule inconsistent with those provisions. In D'Iorio, the Third Circuit considered the validity of a District of New Jersey rule permitting a party to withdraw its demand for a trial de novo and reinstate the award. 370 F.3d at 355. The Court found this provision inconsistent with the plain language of § 657(c), which makes it clear that once any party demands a trial de novo, the action is restored to the docket for all purposes. Id. at 356. Further, the Act reveals a clear intent to prevent the arbitration award from having any effect on a subsequent trial de novo. Id. at 356-57. Accordingly, the Third Circuit held that the language of § 657(c)(2) implies that all parties to the arbitration are treated as if the arbitration never occurred; therefore, once one party files, the remaining party is relieved of the obligation to file.[1] Id. at 357 (citing CNA Fin. Corp. v. Brown, 162 F.3d 1334, 1337 n.3 (11th Cir. 1998)). The non-filing party is entitled to the assurances of the Act that once the other party filed, the arbitration award was a nullity. Id.

Although D'Iorio is distinguishable from the instant case – there was only one plaintiff and one defendant, and neither party was seeking a partial trial de novo – its language broadly construes the effect of § 657(c)(2) and its invalidation of another district court's local rule evinces the governing effect of the Act. According to D'Iorio, once any party files for a trial de novo, the plain language of § 657(c)(2) renders any arbitration award null as to all other parties because the matter is treated as if no arbitration occurred. Id. at 356-57.

---

[1] Dr. Quien argues that because Ramos could have filed his own demand for trial de novo, but did not do so, he has "waived" any right to require that the trial de novo proceed against all Defendants. Under the Third Circuit's ruling, once Dr. Quien filed for trial de novo, Ramos was relieved of any such obligation.

The issues for this Court then, are whether the segregable provision endorsed in Sauter and subsequently adopted as a Local Rule, would permit a partial trial de novo in this case and, if so, whether a partial trial de novo would be inconsistent with § 657(c)(2) as construed in D'Iorio. The Court answers the first question in the negative and need not address the second.

No court in the Third Circuit has held that a party can demand a partial trial de novo of an arbitration award. The only case to consider Local Rule 53.2(6) is Watkins v. K-Mart Corp., No. 96-4566, 1997 WL 597913 (E.D. Pa. Sept. 17, 1997). In Watkins, the plaintiff sued K-Mart, which in turn impleaded a third party defendant seeking indemnification. Id. at *1. At arbitration, the plaintiff did not appear and the arbitrator found the third-party defendant liable to K-Mart for its costs. Id. However, because K-Mart failed to bring documentation to establish its damages, the arbitrator awarded K-Mart zero damages. Id. K-Mart filed for a trial de novo on the issue of damages only, seeking to preserve the liability portion of the award. Id.

Judge Hutton concluded that Local Rule 53.2(6) does not permit a party to segregate the liability and damages components of a single claim. Id. at *3. Although there was no case law directly on point, Judge Hutton relied on the reasoning from a case in the Middle District of Florida, Action Orthopedics, Inc. v. Techmedia, Inc., 775 F. Supp. 390 (M.D. Fla. 1991). See Watkins, 1997 WL 597913, at *3. In Action Orthopedics, Judge Kovachevich held that allowing a partial trial de novo would weaken the arbitration program because parties would not be able to rely on the award as the final word. 775 F. Supp. at 391. Lawyers would try to game the system by waiting until the last hour to file for partial trial de novo, leaving the other party time-barred as to the non-beneficial part of the award while having to re-litigate the beneficial portion. Id.

This situation would lead all parties to seek trial de novo in all cases, even if only slightly dissatisfied with the award, thereby undermining the efficiency goal of arbitration. Id.

On its face, Local Rule 53.2(6) contemplates some portion of an arbitration award could survive a demand for trial de novo if the case involves "multiple claims and parties." The Court concludes that this provision does not apply in this case. Ramos pursues only one claim – albeit under different theories – against all Defendants. He alleges that their respective conduct constitutes medical malpractice. He does not assert any other claim.² Local Rule 53.2(6) addresses cases in which there are "multiple claims and parties." But this case only concerns multiple parties, not multiple claims. Therefore, the segregable provision does not apply. Consequently, § 657(c)(2) and Local Rule 53.2(7) apply, and the case shall proceed as if no arbitration occurred. All parties who were Defendants at the arbitration are subject to the trial de novo.

## II. The Court Will Not Disqualify Defense Counsel

In his Motions, Ramos argues that by seeking a trial de novo as to Dr. Quien, which nullifies the award in favor of the other Defendants, counsel for Defendants created a conflict of interest. The basis for this argument is that Dr. Quien's interest in a trial de novo is directly adverse to the other Defendants' interests in preserving the arbitration award.

This Court has adopted Pennsylvania's Rules of Professional Conduct to govern the conduct of lawyers before the Court. E.D. Pa. LR 83.6(IV). According to Rule 1.7, "[A] lawyer shall not represent a client if . . . the representation of one client will be directly adverse to another client." Pa. R. Prof'l Conduct 1.7(a)(1). The attorney may still represent each client if

---

² As explained in the Court's November 5, 2010 Order, Ramos withdrew his only other claim. (Order, ECF No. 124.)

(1) "the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law;" (3) the litigation does not involve a claim by one client against the other in the same or another proceeding; and (4) each affected client gives informed consent. Id. R. 1.7(b).

A district court "may disqualify an attorney only when 'disqualification is an appropriate means of enforcing the applicable disciplinary rule,' keeping in mind 'any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions.'" Jackson v. Rohm & Haas Co., 366 F. App'x 342, 347 (3d Cir. 2010) (quoting United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980)). Motions to disqualify opposing counsel generally are not favored. Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F. Supp. 1200, 1203 (E.D. Pa. 1992). "The party seeking disqualification of opposing counsel bears the burden of clearly showing that continued representation would be impermissible. Vague and unsupported allegations are not sufficient to meet this standard." Cohen v. Oasin, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994) (citation omitted)

Ramos has not cited any cases holding that filing for trial de novo on behalf of one client, and thereby exposing other clients to trial de novo, creates a conflict of interest under Pennsylvania's Rules of Professional Conduct. Nor is the Court aware of such a holding. Instead, Ramos relies on several district court cases that are distinguishable from the circumstances of this case.

In Lease v. Rubacky, Judge Joyner considered whether an attorney representing himself, his law firm, and his client in a case faced a non-waiveable conflict of interest. 987 F. Supp. 406, 407-08 (E.D. Pa. 1997). Judge Joyner disqualified the firm from representing the client because

the client's potential claims against her co-plaintiffs, the attorney and his firm, created directly adverse interests, and the attorneys could not reasonably believe they could adequately represent the client. Id. at 408. In Figueroa-Olmo v. Westinghouse Electric Corp., Judge Cerezo disqualified counsel from representing several estates and their heirs in a negligence action because the estates could conceivably pursue claims against each other for the alleged negligence of the others' decedents. 616 F. Supp. 1445, 1453-54 (D.P.R. 1985).

Finally, in Capriotty v. Bell, Judge Gawthrop disqualified counsel from representing an estate, its surety, and its former administratrix. No. 89-8609, 1991 WL 22134 (E.D. Pa. Feb. 19, 1991). Judge Gawthrop concluded that the surety had a potential claim against the former administratrix and the estate had already obtained a judgment against her. Id. at *5. Thus, it was likely the estate and surety would move against the administratrix's assets in the event the pending litigation did not make them whole. Id. Accordingly, a conflict existed and it would be unreasonable for counsel to believe it could adequately represent potential adversaries. Id. at *6.

In this case, there is no evidence or suggestion that any Defendant has any claim against the others. Ramos never alleged a conflict prior to the arbitration. The upcoming trial will be de novo, and the results of the arbitration will not be admissible or even relevant. There are no facts which support an allegation that any of the Defendants require separate counsel. Further, in each of the other relevant decisions Ramos cites, the court found no conflict of interest in joint representation. See Kaiser v. Stewart, No. 96-6643, 1997 WL 186329, at *3-4 (E.D. Pa. Apr. 10, 1997); Cohen, 844 F. Supp. at 1068-69. Accordingly, the Court concludes that Ramos has not met his burden of "clearly showing that continued representation would be impermissible" in this case to warrant the extraordinary sanction of disqualification. See Cohen, 844 F. Supp. at 1067.

The Court will not disqualify defense counsel from jointly representing the remaining Defendants.

**III.    Dr. Quien's Motion for Summary Judgment**

The most recent scheduling order, dated May 28, 2009, imposed a December 1, 2009 deadline for dispositive motions.  (Consent Order, ECF No. 71.)  Dr. Quien did not file a motion for summary judgment within that time-frame and the matter was placed in suspense shortly after the deadline for dispositive motions had passed.  (Order, ECF No. 91.)  Dr. Quien filed the pending Motion on April 15, 2011, well after the Court-imposed deadline.  He did not seek an extension of the deadline and does not suggest he could not have filed his Motion any earlier.  For these reasons, the Court will deny Dr. Quien's Motion as untimely.

**IV.    Conclusion**

For the foregoing reasons, the Court denied Ramos's Motion and Amended Motion to Disqualify Counsel and denied Dr. Quien's Motion for Summary Judgment, and ruled the trial de novo shall proceed against all remaining Defendants before Magistrate Judge Strawbridge.

An appropriate Order was previously entered.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-2952 Ramos v. Quien\Ramos v Quien Memo Mot Disqualify SJ Rev. 6-16-11.wpd